IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ETHAN MCGILL,

    Plaintiff,

v.                                                                            1:24-cv-00835-JMR-KK

ROBERT SEEHASE, HUGH DAVIS,
ALYSSA GOMEZ, A. BENNETT,
JOHN DOE 1, and JOHN DOE 2,

    Defendants.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER comes before the Court on defendants Alyssa Gomez, A. Bennett, John Doe 1, and John Doe 2's (hereinafter, "State Defendants") Updated[1] Motion to Dismiss the Second Amended Complaint for Damages. Doc. 21. Plaintiff filed a response. Doc. 28. The State Defendants filed a reply. Doc. 29. The parties have consented to me entering a final judgment in this matter, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b). Docs. 11–15. Having reviewed the parties' submissions and the relevant law, the Court hereby denies the State Defendants' motion.

---

[1] The U.S. Forest Service Defendants removed this case to federal court on August 22, 2024. Doc. 2. While in state court, the State Defendants filed a similar motion to dismiss the second amended complaint based on state law, which was still pending when the case was removed. After conferring with the parties (Doc. 17), the Court ordered the State Defendants to re-file their motion pursuant to the federal standards. Doc. 18.

Accordingly, the Court hereby denies the State Defendants' original Motion to Dismiss the Second Amended Complaint for Damages.

I.   Facts[2]

This case arises out of allegations of police brutality. Doc. 1-2 at 3–8. On July 3, 2021, plaintiff Ethan McGill was pulled over by Officer Hugh Davis, of the U.S. Forest Service, for failing to illuminate the taillights on his rental car. *Id.* at 3. During the stop, Officer Davis ordered Mr. McGill to get out of his vehicle. *Id*. Mr. McGill questioned the officer's ability to remove him from the car. *Id*. He soon became frightened and drove away. *Id.* at 3–4. Mr. McGill immediately called 911 for assistance and guidance. *Id.* At the 911 operator's instruction, Mr. McGill pulled over. *Id.* As he was doing so, Officer Davis rammed into Mr. McGill's rental car. *Id.* Then, Officer Seehase, also of the U.S. Forest Service, began the steps for a felony stop. *Id.*

At that point, several officers from the Taos County Sheriff's Department and the New Mexico Department of Public Service swarmed the scene, shouting at Mr. McGill. *Id.* Those officers, including the State Defendants, surrounded Mr. McGill and his car. *Id.* at 5. The officers yelled for Mr. McGill to get out of the car, but also to keep his hands up. *Id.* Mr. McGill, unsure of how to unbuckle his seat belt without lowering his hands, stayed in the car. *Id.* Multiple officers got into the backseat of the car. *Id*. One or more of the officers in the backseat began punching Mr. McGill's head and ribs. *Id.* Mr. McGill remained passive. *Id.* Still, an unspecified officer also tased Mr. McGill two or three times. *Id.*

While Mr. McGill was still in the car, Officer Seehase commanded a K-9 unit dog to repeatedly bite and scratch Mr. McGill. *Id.* at 5–6. Another officer climbed onto the hood of Mr. McGill's car, reached through the driver's side door, and tased Mr. McGill as he was still buckled into the front seat. *Id.* at 6.

---

[2] Because this is an order on a motion to dismiss, the Court assumes "the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Eventually, the officers pulled Mr. McGill out of his vehicle and threw him to the ground. *Id.* Mr. McGill pleaded, "Please, I need help. I'm not doing anything." *Id.* Then, two officers laid on top of him. *Id.* Mr. McGill yelled "I can't breathe." *Id.* While pinned to the ground, an officer pulled on Mr. McGill's hair so violently that it ripped a dreadlock out of his head. *Id.* at 7. Throughout the attack, McGill did not actively resist, threaten, or antagonize any of the officers. *Id.*

Mr. McGill is now suing the two U.S. Forest Service defendants and the State Defendants for "inflict[ing] serious injuries upon [Mr. McGill] during their stop and arrest." *Id.* at 8. The State Defendants are each being sued for assault and battery under the New Mexico Tort Claims Act.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The Court assumes "the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

"While the federal pleading standard does not vary across subject matters, the degree of specificity required for factual allegations depends on context." *Shrum v. Cooke*, 60 F.4th 1304, 1311 (10th Cir. 2023). In § 1983 cases where "defendants typically sue various government entities alongside various individual actors . . . 'it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*.'" *Id.* at 1311–12 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Regarding the legal standard, plaintiff makes two mistakes of law. First, plaintiff states, without supporting citation, that the allegations in a complaint "need not be pled with specificity." Doc. 28 at 1. This generalized assertion is incorrect. Instead, "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Robbins*, 519 F.3d at 1248. Second, plaintiff states, also without citation, that "[t]he plausibility standard is not for a constitutional claim, but rather for a tort claim under state law a much lower standard." Doc. 28 at 4. This statement is also wrong. "[T]he federal pleading standard does not vary across subject matters." *Shrum*, 60 F.4th at 1311. *Twombly* established the plausibility standard for all federal complaints. *Twombly*, 550 U.S. at 557.

**III.   Discussion**

The State Defendants first argue that plaintiff fails to state a claim against them with sufficient specificity. Doc. 21 at 6–9. Next, they argue that plaintiff fails to adequately describe the John Doe defendants. *Id.* at 9–10. Finally, the State Defendants argue, in the alternative, that they are entitled to governmental immunity. *Id.* at 10–12. While the State Defendants' motion is well-argued, the Court disagrees on all three counts.

**A.     Plaintiff states a plausible claim for relief against the State Defendants.**

The State Defendants argue that the "[p]laintiff did not raise any allegations against the State Defendants that would put them on notice of the claims against them." Doc. 21 at 6. I disagree with the State Defendants' narrow reading of the complaint.

Plaintiff complains that the State Defendants—Alyssa Gomez, A. Bennett, John Doe 1, and John Doe 2—each committed assault and battery. Doc. 1-2 at 19 ("The individual [State] Defendants' force against Ethan constituted assault and battery under New Mexico common law."). Plaintiff explains that this assault and battery occurred "during the stop and arrest of plaintiff on July 3, 2021." *Id.* at 1. Plaintiff states that after he pulled over—having just fled a traffic stop—the State Defendants "swarmed the scene, shouting at [plaintiff]." *Id.* at 4–5 ("The officers who surround Ethan were . . . the [State] Defendants."). Then, plaintiff provided a detailed account of this alleged assault and battery. *Id.* at 3–8. Plaintiff explains that "[s]everal officers rapidly approached [plaintiff's] vehicle with their weapons raised and pointed at [plaintiff]." Doc. 1-2 at 5. Plaintiff states that an officer "entered the back seat of the car [and] began punching [plaintiff] in the ribs and back," while he was seated in the front seat with his seat belt on. *Id.* at 5. He adds that while he was still seat belted, an officer reached into the car and tased him. *Id.* at 6. Then, officers pulled plaintiff out of the car, and two officers "laid on top of [him,]" while another officer "violently pulled at [plaintiff's] dreadlocks with enough force to rip some of them from his scalp." *Id.* at 7. All the while, plaintiff was non-violent and did not resist. *Id.* Plaintiff explains that the "[State] Defendants acted contemporaneously and in concert, making it impossible for Ethan to distinguish which Defendant committed each individual act." *Id.* at 20. Nevertheless, it is clear from the complaint that plaintiff is accusing each of the State Defendants of participating in this attack.

The State Defendants mistakenly argue that plaintiff is required, at the pleading stage, to identify the exact ways in which each defendant allegedly assaulted and battered the plaintiff.

5

Doc. 21 at 6–9. Here, that level of specificity is not necessary to "establish plausibility and fair notice." *See Robbins*, 519 F.3d at 1248.

The State Defendants' argument is predicated on the idea that *Robbins* and its progeny require plaintiff to assert "exactly *who* is alleged to have done *what* to *whom*." *Robbins*, 519 F.3d at 1250. However, *Robbins* emphasizes the importance of context. *Id.* at 1248 ("Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case. . . .") (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231–32 (3rd Cir. 2008)) The *Robbins* Court found:

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Id.* at 1249–50; *see e.g.*, *Shrum*, 60 F.4th at 1311–12 (stating the same); *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (same). Although this case is not a § 1983 action as to the State Defendants, the Court agrees that an intentional tort action against law enforcement officers is analogous. Yet, plaintiff's case against the State Defendants lacks the complexity of *Robbins* and the cases stemming from it. Thus, the *Robbins* Court's reasoning for requiring a greater level of specificity does not apply here. First, this case does not involve "a government agency or collective action against the state." *Robbins*, 519 at F.3d. at 1250. Nor is there any ambiguity as to whether each "[d]efendant personally participated in the alleged . . . violation." *Shrum*, 60 F.4th at 1312. The various officials in this case have not "taken different actions with respect to . . . plaintiff," nor do the officials have "different powers and duties." *Pahls*, 718 F.3d at 1225–26. Instead, plaintiff alleged each defendant personally assaulted and battered him during the same arrest. *See* Doc. 1-2 at 19 (alleging that each State Defendant "placed [plaintiff] in reasonable

fear of imminent batteries without legal justification," (assault) and "repeatedly touched or applied undue force to [plaintiff] in an unwanted and malicious manner without legal justification," (battery)). The State Defendants insist that plaintiff "does not allege that the State Defendants used excessive force (or any force at all)," ignoring plaintiff's relatively detailed account of the attack because he does not assign each alleged use of intimidation or force to an individual officer. Doc. 29 at 4. At the pleading stage, it would be unreasonable to expect plaintiff to assign each punch, tasing, pinning to the ground, pointing of a gun, and tearing out of plaintiff's dreadlock to a specific officer. It is sufficient that plaintiff has provided: the time, place, and manner of the assault and battery; the allegation that each State Defendant personally committed assault and battery; and the identification of each State Defendant as full-time law enforcement officers employed by the New Mexico Department of Public Service.

Plaintiff explains: "Due to the complex and chaotic nature of the incident in question . . . Plaintiff has been able to identify the actions of some individual law enforcement officers with more particularity than others." Doc. 28 at 2. Circumstances arise "where the identity of alleged defendants will not be known prior to the filing of a complaint. . . . In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants. . . ." *20/20 Financial Consulting, Inc. v. Does 1-5*, No. 10–cv–01006–CMA–KMT, 2010 WL 1904530, at *1 (D. Colo. May 11, 2020) (quotation and citation omitted). This case is such a circumstance. Courts in similar circumstances have denied motions to dismiss on these grounds. *See Powell v. City of Jamestown*, No. 1:21-cv-721, 2022 WL 1913581, at *5 (W.D.N.Y. June 3, 2022) ("This court has observed that 'in situations involving an alleged assault by a group of police officers . . . courts do not insist that the complaint set forth in detail the actions of each officer where it would be unreasonable to expect the plaintiff to be able to do so.'") (quotation omitted); *Proctor v. Roane Cnty. Comm'n*, No. 2:19-cv-00432, 2020 WL 1061216, at *2 (S.D.

7

Va. Mar. 4, 2020) ("While the Complaint does not assert which Defendants threw which punches, it does permit the reasonable inference that these Defendants are liable for the alleged misconduct."); *J.A. v. Miranda*, No. PX 16-3953, 2017 WL 3840026, at *3 (D. Md. Sept. 1, 2017) ("Rule 8(a) is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer.") (quotation omitted).

The State Defendants have fair notice of the claims against them. Contrary to the State Defendants' claim, it is not "impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred." Doc. 28 at 8 (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)). The State Defendants are each accused of two specific violations at a specific time: assaulting and battering plaintiff during plaintiff's arrest on July 3, 2021. Viewing the allegations in the light most favorable to the plaintiff, each individual defendant is aware of which specific way they used force against the plaintiff. Plaintiff's complaint contains more than an "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff provides a nearly blow-by-blow account of the incident. The detail provided in the complaint puts each State Defendant on notice of the allegations against them, which they may individually confirm or deny.

The State Defendants compare this case to *Bradshaw v. Mgmt. & Training Corp.*, No. 1:22-CV-00139-MIS-LF, 2023 WL 5934397, at *5 (D.N.M. Sept. 12, 2023). Doc. 21 at 8–9. In *Bradshaw*, this Court dismissed a claim against a sheriff because the plaintiff failed to allege that the sheriff "was a direct and proximate cause of the battery inflicted upon [Plaintiff]." *Bradshaw*, 2023 WL 5934397, at *5. The same is not true here. *Bradshaw* is distinct because plaintiff does

assert that each State Defendant was a direct and proximate cause of the assault and battery inflicted upon him.

The State Defendants also contrast the allegations made against them with the allegations made against the U.S. Forest Service defendants Seehase and Davis. Plaintiff's allegations against Seehase and Davis are inarguably more specific than the allegations against the State Defendants. That does not mean, however, that the allegations against the State Defendants are *per se* insufficient. At some point in this litigation, plaintiff's allegations against the State Defendants will need to become more individualized. For the pleading stage, however, plaintiff has stated a plausible claim that Alyssa Gomez, A. Bennet, John Doe 1, and John Doe 2 each assaulted and battered him on July 3, 2021.

### B.      Plaintiff is not required to identify the John Doe defendants in the Second Amended Complaint.

The State Defendants argue that the "John Doe defendants should also be dismissed because the allegations in the Second Amended Complaint do not sufficiently identify them." Doc. 21 at 9. Strangely, plaintiff fails to respond to this argument at all. Nonetheless, the Court will not dismiss the case against the John Does for failure to "identify them" because plaintiff is not required to identify John Does in their complaint. Such a proposition is antithetical to the concept of a John Doe defendant. The most common purpose of a John Doe is to "preserve[] the plaintiff's claim by standing in for an unknown defendant while the plaintiff tries to determine the defendant's actual name." Carol Rice Andrews, *Meet John Doe: It is Time for Federal Civil Procedure to Recognize John Doe Parties*, 57 U. PITT. L. REV. 883, 885 (1995).

The State Defendants do not point to any case where a Court has granted a motion to dismiss for failure to identify John Doe defendants. Instead, the State Defendants cite *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996), which undermines their argument. Doc. 21 at 9;

9

Doc. 29 at 8–9. In *Roper*, the Tenth Circuit stated: "Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process *eventually* can be served." *Roper*, 81 F.3d at 126 (emphasis added). As was the case in *Roper*, plaintiff here is not required to identify John Doe at the pleading stage. Although, he will certainly *eventually* be required to do so.

### C.    The State Defendants are not entitled to governmental immunity.

The State Defendants argue, in the alternative, that they are entitled to governmental immunity. Doc. 21 at 10–12. Plaintiff correctly states that governmental immunity has been waived. Doc. 28 at 5; *see* N.M. Stat. Ann. § 41-4-12.

The New Mexico Tort Claims Act provides, "any public employee while acting within the scope of duty are granted immunity from liability for any tort," except for in enumerated circumstances. N.M. Stat. Ann. § 41-4-4(A). As is relevant, the act waives immunity for "personal injury, bodily injury, wrongful death or property damage resulting from assault, battery . . . when caused by law enforcement officers while acting within the scope of their duties." N.M. Stat. Ann. § 41-4-12.

The State Defendants argue that plaintiff fails to allege that a battery occurred. Doc. 21 at 12. That is false. Plaintiff's complaint alleges that "[the State] Defendants repeatedly touched or applied undue force to [plaintiff] in an unwanted and malicious manner without legal justification, which acts constitute the intentional tort of battery" Doc. 1-2 at 19; *see also* N.M. Stat. Ann. § 30-3-4 (defining battery as "the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner."). As discussed above, plaintiff provides a detailed description of that battery. The same is true for plaintiff's assault allegation. As such, governmental immunity is waived. *See* N.M. Stat. Ann. § 41-4-12.

## IV. Conclusion

Plaintiff's Second Amended Complaint states a claim upon which relief can be granted. *Supra* § III.A. Plaintiff is not required to identify the John Doe defendants at the pleading stage. *Supra* § III.B. The New Mexico legislature waived governmental immunity for the State Defendants. *Supra* § III.C. Therefore, the State Defendants' Motion to Dismiss (Doc. 21) is denied. Accordingly, the State Defendants' request for attorneys' fees and costs is also denied.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent