IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ETHAN MCGILL,

    Plaintiff,

v.                                                                                 1:24-cv-00835-JMR-KK

ROBERT SEEHASE, HUGH DAVIS,
ALYSSA GOMEZ, A. BENNETT,
JOHN DOE 1, and JOHN DOE 2,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on defendants Hugh Davis and Robert Seehase's (hereinafter, the "USFS Defendants") Motion to Dismiss. Doc. 30. Plaintiff filed a response. Doc. 32. The USFS Defendants filed a reply. Doc. 34. The parties have consented to me entering a final judgment in this matter, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b). Docs. 11–15. Having reviewed the parties' submissions and the relevant law, the Court hereby GRANTS the defendants' motion because a *Bivens* excessive force claim is not available against a United States Forest Service ("USFS") officer.

**I.    Facts**[1]

This case arises out of allegations of police brutality. Doc. 1-2 at 3–8. On July 3, 2021, plaintiff Ethan McGill was pulled over by United States Forest Service Officer Hugh Davis for a traffic infraction. *Id.* at 3. After a series of events, plaintiff was allegedly punched, kicked, tased, and had his dreadlocks pulled out by various law enforcement officers, including Officer Davis

---

[1] Because this is an order on a motion to dismiss, the Court assumes "the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

and Officer Robert Seehase. Because this order turns on a matter of law, it is not necessary to recount the details of the use of force. *But see* Doc. 36 (order on the State Defendants' Motion to Dismiss detailing the attack).

Plaintiff is suing the USFS Defendants pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) and no other right of action. Doc. 1-2 at 1, 8–19.

## II. Legal Standard

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation omitted). The Court assumes "the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## III. Discussion

The USFS Defendants move to dismiss plaintiff's complaint because a *Bivens* remedy is unavailable for Fourth Amendment excessive force claims against USFS officers. Plaintiff disagrees. While the defendants' alleged conduct is reprehensible, the Court finds that *Bivens* is not an available remedy. *See Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (noting that, post-*Egbert v. Boule*, 596 U.S. 482, 494 (10th Cir. 2022), expanding *Bivens* "is impermissible in virtually all circumstances.").

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court created a private right of action for plaintiffs whose Fourth Amendment rights were violated by a federal officer. This broad formulation of a *Bivens* remedy is "now all but dead." *See Rowland v. Matevousian*, 121 F.4th 1237, 1242 (10th Cir. 2024). *Bivens* no longer blanketly applies to "federal officers." Instead, officers must be differentiated by the agency for which they work to determine whether a *Bivens* remedy is available. *See Egbert*, 596 U.S. at 492; *see also id.* at 512 (Sotomayor, J., concurring in part) (accusing the majority opinion in *Egbert* of "draw[ing] artificial distinctions between line-level officers of the 83 different federal law enforcement agencies with authority to make arrests and provide police protection.").

The Supreme Court has only recognized a *Bivens* claims in three contexts. *Bivens*, 403 U.S. at 388 (Fourth Amendment unreasonable search and seizure claims against Federal Bureau of Narcotic agent); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment Due Process gender discrimination claim against congressmember); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment inadequate medical care claim against federal prison official). The Supreme Court has since "recognized that *Bivens*, *Davis*, and *Carlson* were the mistakes of an '*ancien regime*' that was too willing to create implied causes of action." *Silva v. United States*, 45 F.4th 1134, 1138 (10th Cir. 2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 131–32 (2017)).

When deciding whether to allow a *Bivens* remedy, the Court "engage[s] in a two-step inquiry." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). First, the Court asks, "whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" *Id.* (quoting *Corr. Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). Then, if the context is new, the Court asks, "whether there are any special factors that counsel hesitation about granting the extension." *Id.* (quoting *Abbasi*, 582 U.S. at 136) (cleaned up). If the Court

has a sound "reason to pause before applying *Bivens* in a new context or to a new class of defendants," the Court must decline to extend *Bivens*. *Hernandez*, 589 U.S. at 102.

The first prong is satisfied if the case is against a "new category of defendants." *Hernandez*, 589 U.S. at 102. "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Id.* at 103. To illustrate, in *Egbert*, the Supreme Court found that a *Bivens* claim was unavailable for a Fourth Amendment excessive force claim against a U.S. Border Patrol agent. *Egbert*, 596 U.S. at 503 (Gorsuch, J., concurring) ("Candidly, I struggle to see how this set of facts differs meaningfully from those in *Bivens* itself."). Similarly, in *Logsdon v. United States Marshal Serv.*, the Tenth Circuit held that *Bivens* was unavailable for a Fourth Amendment excessive force claim against a United States Marshal. *Logsdon v. United States Marshal Serv.*, 91 F.4th 1352, 1358 (10th Cir. 2024). After *Egbert* was decided, courts have declined to extend excessive force *Bivens* to new categories of defendants in many contexts. *Hernandez v. Causey*, No. 24-60080, 2024 WL 5195629, at *5 (5th Cir. 2024) (declining to extend *Bivens* to an excessive force claim against an Immigration and Customs Enforcement agent); *Edwards v. Gizzi*, 107 F.4th 81 (2d Cir. 2024) (per curiam) (declining to extend *Bivens* to an excessive force claim against court-security officers and U.S. Marshals); *Wimberly v. Selent*, No. 23-13550, 2024 WL 2845476, at *3 (11th Cir. 2024) (declining to extend *Bivens* to an excessive force claim against Department of Homeland Security Investigations agent); *Mejia v. Miller*, 61 F.4th 663, 668 (9th Cir. 2023) (declining to extend *Bivens* to an excessive force claim against Bureau of Land Management officers). *But see Snowden v. Henning*, 72 F.4th 237, (7th Cir. 2023) (allowing an excessive force *Bivens* claim against a DEA agent who operates "under the same legal mandate as the officers in *Bivens*—the enforcement of federal drug laws.").

As for the second prong, the Court must determine whether "there are any special factors that counsel hesitation" about extending *Bivens*. *Hernandez*, 589 U.S. at 102. For example, if "there is any reason to think that Congress might be better equipped to create a damages remedy," the Court may not extend *Bivens*. *Egbert*, 596 U.S. at 493. Further, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 582 U.S. at 137. "A remedy is sufficient to foreclose a *Bivens* action, then, so long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence."[2] *Silva*, 45 F.4th at 1140 (citation and quotation omitted).

In light of *Egbert*, the Tenth Circuit stated, "that expanding *Bivens* is not just 'a disfavored judicial activity,' [*Egbert*, 596 U.S. at 491] (quoting *Abbasi*, 137 S. Ct. at 1857), it is an action that is impermissible in virtually all circumstances." *Silva*, 45 F.4th at 1140 (citation omitted).

### A.  This case involves a new *Bivens* context.

Here, the relevant defendants are law enforcement officers employed by the United States Forest Service, an agency within the United States Department of Agriculture ("USDA"). In the past, many courts allowed *Bivens* excessive force claims against USFS officers to proceed without question. *Griego v. United States*, No. 1:16-cv-00475-JCH-SCY, 2018 WL 1010621 (D.N.M. Feb. 21, 2018) (this Court awarding $450,000 and granting default judgment against

---

[2] *Egbert* seemingly overrules precedent from other circuits that held that "[w]hen a remedial scheme is created entirely by regulation, it does not preclude a *Bivens* claim." *See, e.g.*, *Johnson v. Perdue*, 862 F.3d 712, 717 (8th Cir. 2017); *see also Egbert*, 596 U.S. at 525–26 ("By the Court's logic . . . the existence of any disciplinary framework, even if crafted by the Executive Branch rather than Congress, and even if wholly nonparticipatory and lacking any judicial review, is sufficient to bar a court from recognizing a *Bivens* remedy.") (Sotomayor, J., concurring in part).

USFS officer for excessive force *Bivens* claim); *Big Cats Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 858 (10th Cir. 2016) (authorizing Fourth Amendment *Bivens* claim against USDA officer); *Van Strum v. Lawn*, No. 89-35656, 1991 U.S. App. LEXIS 3719 (9th Cir. 1991) (unpublished) (authorizing Fourth Amendment search and seizure *Bivens* claim against USFS officers); *Wasson v. United States*, No. 2:15-cv-01279-SU, 2016 WL 11711135, at *7 (D. Ore. July 26, 2016) (recommending that a Fourth Amendment search and seizure *Bivens* claim against a USFS officer survive), *adopted in full*, *Wasson v. United State*s, No. 2:15-cv-01279-SU, 2016 WL 11711119 (D. Ore. Nov. 1, 2016). However, post-*Egbert* and perhaps post-*Ziglar*, a plaintiff may not bring an excessive force *Bivens* claim against a USFS officer.[3]

USFS officers are a "new category of defendant," not recognized in the either *Bivens*, *Davis*, or *Carlson*. *See Egbert*, 596 U.S. at 492. Plaintiff argues that a Fourth Amendment excessive force claim against USFS officers does not materially differ from *Bivens*, which involved Federal Bureau of Narcotics agents. Doc. 32 at 6–9. However, controlling case law states otherwise. *See Logsdon*, 91 F.4th at 1358 ("Mr. Logsdon argues that a new agency does not create a new *Bivens* context when the defendants are 'rank-and-file federal officers.' . . . We disagree.").

The Court agrees with plaintiff that "the fact that the instant case involves officers from the USFS while *Bivens* involved agents of the Federal Bureau of Narcotics is not a dispositive factor that precludes Plaintiff from a remedy under the [*Bivens*] framework." Doc. 32 at 7. As

---

[3] While this result is troublingly in this alleged factual circumstance, this Court is bound by Supreme Court and Tenth Circuit precedent. The Supreme Court has decided that it is more appropriate for Congress to fashion a private right of action against law enforcement officers for constitutional violations. *Egbert*, 596 U.S. at 503 (Gorsuch, J., concurring) ("When might a court *ever* be 'better equipped' than the people's elected representatives to weigh the 'costs and benefits' of creating a cause of action? It seems to me that to ask the question is to answer it.").

such, the Court turns to the second step of the analysis to determine whether "there are any special factors that counsel hesitation" about expanding *Bivens*. *Hernandez*, 589 U.S. at 102.

### B. Special factors forbid the Court from extending *Bivens* to allow excessive force claims against USFS officers.

Defendants argue that a *Bivens* claim is precluded because an alternative remedial structure is in place. Doc. 30 at 13–16. In response, Plaintiff argues that any alternative remedial structure does "not provide adequate deterrence of wrongdoing." Doc. 32 at 10. The Court agrees with the defendants that the available alternative remedial structures preclude an excessive force *Bivens* claim against USFS officers. *See Ziglar*, 582 U.S. at 137.

If an alternative remedy for addressing misconduct exists, that is an "independent ground for not recognizing a *Bivens* action." *Logsdon*, 91 F.4th at 1359. "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy." *Egbert*, 596 U.S. at 498 (citation and quotation omitted).

In *Logsdon*, the Tenth Circuit held that the U.S. Marshals Service's internal grievance procedure and the Department of Justice's Office of Inspector General investigation procedure "are adequate alternative remedies," which preclude extending *Bivens*. *Logsdon*, 91 F.4th at 1359. Regarding the U.S. Marshal Service's internal grievance procedure, the Tenth Circuit explained:

> Individuals may submit a complaint by filling out an online form. . . . "[T]he USMS may share the information with law enforcement agencies investigating a violation of law (whether criminal, civil, and/or administrative)." . . . "All complaints of employee misconduct will be investigated by the appropriate agency or office. . . . And "[i]ntentional, reckless or negligent violation[s] of rules governing searches and seizures" are punishable by reprimand or removal. . . .

7

*Id.* at 1360 (citations omitted). Similarly, regarding the Department of Justice's Office of Inspector General, the Tenth Circuit noted:

> A person can report misconduct "related to" the USMS to OIG by submitting an online complaint. . . . OIG investigations "sometimes lead to criminal prosecution or civil or administrative action." . . . If the OIG does not investigate the allegation, it may refer the complaint to the internal-affairs office of the relevant DOJ component (here, the USMS). . . .

*Id.* (citations omitted). The *Logsdon* Court further found that "it is not the judiciary's function to assess the adequacy of executive orders or legislative remedies in deterring constitutional violations that might be remedied through a *Bivens*-type suit." *Id.*

Much like the U.S. Marshall Service, the USFS has both an internal procedure for handling officer misconduct and an Office of Inspector General that is required to investigate USFS employee misconduct.[4]

The USFS internal procedure is administered by the USDA Forest Service Law Enforcement and Investigations Office of Professional Responsibility ("OPR"). *See Law Enforcement and Investigation*, U.S. FOREST SERVICE, U.S. DEPARTMENT OF AGRICULTURE, https://www.fs.usda.gov/about-agency/contact-us/lei [https://perma.cc/F2XR-UUDK] (last visited Mar. 7, 2025). Just as in *Logsdon*, a member of the public may submit a complaint form online. Complaint Form, FOREST SERVICE LAW ENFORCEMENT & INVESTIGATIONS, https://usda-fs-lei.entellitrak.com/etk-usda-fs-lei-

---

[4] The USFS Defendants also argue that the Federal Tort Claims Act is an alternate remedy. Because the Forest Service's Office of Professional Responsibility and the USDA's Office of Inspector General provide an alternate remedy, the Court does not reach the question of whether suing the United States for a battery under the Federal Tort Claims Act can preclude a Fourth Amendment excessive force *Bivens* claim against individual officers. *But see Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020) (declining to extend *Bivens* to an excessive force claim against a Veterans Affairs hospital law enforcement officer, in part, because the Federal Tort Claims Act provided an alternative remedy).

prod/page.request.do?page=gov.fed.jis.complaint.efile.page.efilecomplaint [https://perma.cc/F2SS-TSEK] (last visited Mar. 7, 2025). "It is the responsibility of the Office of Professional Responsibility . . . to conduct or coordinate investigations alleging criminal acts and/or misconduct involving [Forest Service Law Enforcement and Investigations] personnel." Forest Service Manual § 5390.04.[5] The OPR "also conducts reviews of use of force incidents and may open an investigation if misconduct is suspected." *Id.* If an allegation of misconduct "is sustained, the Assistant Director of OPR will provide the Report of Investigation to appropriate supervisory personnel and Employee Relations for determination of potential discipline." Forest Service Manual § 5393.5. The OPR provides an alternate remedy to *Bivens*.

Further, the USDA's Office of Inspector General ("OIG") is statutorily required to "conduct and supervise audits and investigations" relating to the USFS employees. 5 U.S.C. § 402(b)(1); *see also* 5 U.S.C. § 404 (establishing the duties of the Inspector General). The OIG has established both a hotline and an online complaint portal for the "general public to report . . . misconduct by a USDA employee," which includes USFS employees. USDA Departmental Regulation 1700-002, § 4(e)(2)(f). The OIG and the OPR also coordinate with one another. Forest Service Manual § 5393.1. The OIG conducts criminal investigations into USFS employee misconduct. *Id.* Just like the U.S. Marshall Service's OIG in *Logsdon*, the USDA's OIG provides an alternative remedy to *Bivens*.

While not completely identical, the Court sees no meaningful distinction between the two alternate remedies available in *Logsdon* and the two alternate remedies described above. *See also House v. National Park Service*, No. 22-970 SCY/KK, 2024 WL 3401049, at *5 (D.N.M. July

---

[5] The section of the U.S. Forest Service Manual detailing the duties of the internal Office of Professional Responsibility is available at https://www.fs.usda.gov/about-agency/regulations-policies/manual/5390-office-professional-responsibility (last visited Mar. 7, 2025).

9

12, 2024) (finding that the National Park Service's Office of Professional Responsibility and their corresponding Office of Inspector General each provided alternate remedies to an excessive force *Bivens* claim); *Mejia*, 61 F.4th at 669 (finding that the Bureau of Land Management's Office of Inspector General provided an alternate remedy to an excessive for *Bivens* claim); *Cain v. Rinehart*, No. 22-1893, 2023 WL 6439438 (6th Cir. 2023) (same as to the U.S. Marshal Service's Office of Inspector General). Plaintiff argues that these remedies "do not provide adequate deterrence of wrongdoing," but that is not for the Court to decide. As the USFS Defendants point out, "[t]he *adequacy* of available alternative remedial structures has no bearing on a Court's consideration of whether the *existence* of alternative structures evinces Congress's doubts about the necessity of a *Bivens* remedy." Doc. 33 at 9 (citing *Egbert*, 596 U.S. at 498). In this case, the OPR and OIG provide alternative remedial process to *Bivens*. As such, special factors preclude the Court from extending *Bivens* in this circumstance.

### IV. Conclusion

Plaintiff fails to state a claim upon which relief can be granted against the USFS Defendants because a *Bivens* claim is not available for excessive force claims against USFS officers. *See* FED. R. CIV. P. 12(b)(6). As such, the Court hereby GRANTS the USFS Defendants' Motion to Dismiss (Doc. 30). Plaintiffs' claims against the USFS Defendants are dismissed with prejudice.

JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent